```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                    Plaintiff,                10-cr-87 (PKC)

        -against-                              MEMORANDUM
                                               AND ORDER
LARRY SEABROOK,

                    Defendant.
-----------------------------------------------------------x
```

CASTEL, U.S.D.J.

On October 13, 2016, Larry Seabrook, proceeding pro se, petitioned the Court for a judicial recommendation based on the Second Chance Act of 2007. For the reasons to be explained, the Court lacks authority to make such a recommendation, and Seabrook's petition is denied.

On August 26, 2012, a jury found Seabrook guilty of wire fraud, mail fraud, conspiracy to commit wire and mail fraud, and conspiracy to defraud a non-profit organization in connection with a job, in violation of 18 U.S.C. §§ 1341, 1343, and 1349. On January 8, 2013, Seabrook was sentenced to sixty months imprisonment with two years of supervised release.

Seabrook petitions this Court for "judicial recommendation" to the Bureau of Prisons ("BOP") for a 12 month placement at a Residential Reentry Center ("RRC") or home confinement. (Pet. at 3.) Seabrook does not cite any authority permitting the Court to make such a recommendation.

The transfer of inmates to RRCs is governed by 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act. ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final

Mailed to Mr. Seabrook 5/19/2017

months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.") Inmates are considered for RRC placement on an individual basis in a manner consistent with the criteria established at 18 U.S.C. § 3621(b). The Second Chance Act increased the maximum period of RRC placement from six to twelve months. However, "the laws and regulations governing the placement of prisoners within the BOP system grant the BOP broad discretion over inmate placement, and permit the BOP to make placement decisions in light of available resources." United States v. Accardi, No. 11 Cr. 12 (RMB), 2013 U.S. Dist. LEXIS 65833, at *3 (S.D.N.Y. May 7, 2013) (quoting Mitts v. Strada, No. 12 Civ. 5538 (RRM), 2013 U.S. Dist. LEXIS 27724, at *6 (E.D.N.Y. Feb. 28, 2013)) (denying motion for judicial recommendation pursuant to the Second Chance Act). "[W]hile the statute allows for a maximum of twelve months in an RRC placement, it is clear that the recommendation for such placement is discretionary." United States v. Noriega, No. 13 Cr. 58 (KBF), 2015 U.S. Dist. LEXIS 20013, at *3 (S.D.N.Y. Feb. 19, 2015) (quoting Bernard v. Roal, 716 F. Supp. 2d 354, 359 (S.D.N.Y. 2010)).

If Seabrook wishes to challenge his confinement in a federal correctional center, his appropriate avenue for relief is to file a federal habeas petition under 28 U.S.C. § 2241. The Second Circuit "has long interpreted § 2241 as applying to challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.'" Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008) (citing Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)); see also Fournier v. Zickefoose, 620 F. Supp. 2d 313 (D. Conn. 2009) (reviewing BOP's denial of petitioner's placement in RRC under § 2241).

However, "federal prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Noriega, 2015 U.S. Dist. LEXIS 20013, at *4 (denying petition, allegedly brought pursuant to Second Chance Act, for the court to intervene in BOP's denial of petitioner's requested placement in an RRC, for failure to exhaust administrative remedies).

When and if the BOP determines that Seabrook will not serve his final twelve months of confinement in an RRC or home confinement, he may exhaust his administrative remedies and then file a petition under 28 U.S.C. § 2241, or, under circumstances in which the exhaustion requirement is excused, apply for such relief upon the BOP's determination.

CONCLUSION

Because the Court lacks authority to make the recommendation requested by defendant, defendant's Motion Requesting a Judicial Recommendation Based on the Second Chance Act of 2007 (Dkt. No. 213) is DENIED.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
May 19, 2017